IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BOBBY ALPHONSO GRIER,

                Plaintiff,

v.

DEP. REISINGER, DEP. SCHENCK, DEP. LIMON,
DEP. LINDER, DEP. VEGA ROMAN, and NURSE
CLIFF,

                Defendants.

OPINION and ORDER

22-cv-748-wmc

---

    Plaintiff Bobby Grier, who is representing himself in this 42 U.S.C. § 1983 action, alleges that while he was an inmate at the Dane County Jail, Sheriff's Deputies forcibly and painfully removed him from his bunk at the behest of nurse Cliff Lawton. (Dkt. #46.) Grier was granted leave to proceed on Eighth Amendment excessive force claims against those deputies (Reisinger, Schenk, Limon, Linder, and Roman) and nurse Lawton. (Dkt. #20). He now seeks leave to amend his complaint apparently to add deliberate indifference claims against defendants. Under Rule 15(a), the court should freely grant leave to amend "when justice so requires," Fed. R. Civ. P. 15(a)(2), and for the following reasons, the court will accept the proposed amended complaint (dkt. #46) as the operative pleading in this case and allow Grier to proceed on Eighth Amendment excessive force and deliberate indifference claims against all defendants.

BACKGROUND[1]

In January 2023, Grier alleges that he was lying in bed due to back spasms and pain and alerted an unidentified jail deputy to call 911 or a nurse. When Nurse Lawton responded, he wanted to "accu-check" him because he had diabetes. Grier told Lawton that he could not move and asked for Flexeril (muscle relaxant) and Tylenol, but Lawton allegedly told him that the Dane County Jail did not have those medications and he could not give him "shit."

At that point, Nurse Lawton allegedly called for backup and directed the deputies to move Grier to a different unit. Defendant deputies Reisinger, Schenk, Limon, Linder, and Roman responded, and although Grier asked them not to move him because he was in pain, they allegedly moved him anyway, causing him severe pain. The defendant deputies further forced Grier into a wheelchair, transferred him to a new unit, and left him on that unit's concrete floor.

Finally, Grier alleges that neither nurse Lawton nor any medical professional checked on him for 24-30 hours after his transfer. Grier experienced ongoing pain from the incident and was later diagnosed with degenerative back disease and spinal stenosis.

---

[1] Plaintiff's allegations in his second amended complaint are similar to those in his first amended complaint, but the court will briefly restate his allegations below. The court did not screen plaintiff's original complaint because he filed an amended complaint before the court could screen his original complaint. (Dkt. #11.)

OPINION

Based on plaintiff's allegations, which the court must take as true at this stage, plaintiff may proceed on both excessive force and deliberate indifference claims against defendants.[2] The Eighth Amendment protects prisoners from cruel and unusual punishment, which includes the unnecessary and deliberate infliction of pain on a prisoner, *Lewis v. Downey*, 581 F.3d 467, 475 (7th Cir. 2009), and prison officials' deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The inquiry for an excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *see also Guitron v. Paul*, 675 F.3d 1044, 1046 (7th Cir. 2012). As this court has already found, plaintiff states a claim against: (1) the defendant deputies because he alleges that these defendants caused him extreme pain in moving him, even though he protested and had a legitimate reason to remain in his bed; and (2) nurse Lawton, who allegedly directed the deputies to force him out of his bunk for no apparent reason.

"To state a claim for deliberate indifference for deficient medical care, the plaintiff must allege an objectively serious medical condition and an official's deliberate indifference to that condition." *Cesal v. Moats*, 851 F.3d 714, 721 (7th Cir. 2017) (quotation marks omitted). "Deliberate indifference" means that the official was aware that the prisoner

---

[2] In its initial screening order, the court inferred that plaintiff was a convicted prisoner as of January 2023, and applied the Eighth Amendment standard. (Dkt. #20.) The court applies the same standard here. Nevertheless, as the case progresses, the parties should confirm his actual status and the appropriate constitutional standard that applies.

3

faced a substantial risk of serious harm but disregarded that risk by consciously failing to take reasonable measures to address it. *Forbes v. Edgar,* 112 F.3d 262, 266 (7th Cir. 1997). In his amended complaint, plaintiff now states a deliberate indifference claim against nurse Lawton because Grier allegedly informed him of his serious medical condition, back spasms and pain, *Lewis v. McLean*, 864 F.3d 556, 563 (7th Cir. 2017), and Lawton refused to provide any treatment. Plaintiff likewise states a deliberate indifference claim against the defendant deputies because he allegedly told them about his back pain, but they ignored his pain, removed him from his bed, and left him lying on a concrete floor.

Plaintiff also appears to be moving the court to compel defendants to produce security camera footage from the jail, (dkt. #46, at 4), but the court will deny this motion because he does not indicate that he has made a proper discovery request for the video footage nor conferred with defendants in the event of a dispute. (*See* Preliminary Pretrial Conference Order (dkt. #44) 10.) He also moves for additional time in the law library, contending that he only has access to the prison law library for 100 minutes per week, which he claims is insufficient for him to research his case properly because he knows nothing about the law and is computer illiterate. (Dkt. #47.) However, almost two hours per week seems like substantial time to complete any basic research, particularly with a librarian assisting and plaintiff able to provide a detailed summary of facts in his cell. Plus, plaintiff currently has no approaching deadlines. Thus, the court will deny this motion without prejudice as premature. In the future, if plaintiff is worried that he cannot meet a deadline, he may request a deadline extension.

ORDER

IT IS ORDERED that:

1. Plaintiff Bobby Grier's motion to file an amended complaint (dkt. ##42, 46) is GRANTED and plaintiff may proceed on both excessive force and deliberate indifference claims under the Eighth Amendment against defendants Reisinger, Schenk, Limon, Linder, Roman, and Lawton.

2. The court accepts the proposed amended complaint (dkt. #46) as the operative pleading in this case.  Defendant may file a supplemental answer by March 15, 2024; and plaintiff should not respond to defendant's supplemental answer.

3. Plaintiff's motion to compel production of security camera footage (dkt. #46) is DENIED.

4. Plaintiff's motion for additional law library time (dkt. #47) is DENIED without prejudice.

Entered this 23rd day of February, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge