IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BOBBY ALPHONSO GRIER,

                         Plaintiff,                              ORDER

           v.                                                    22-cv-748-wmc

DEP. REISINGER, DEP. SCHENCK, DEP. LIMON,
DEP. LINDER, DEP. VEGA ROMAN, and NURSE
CLIFF,

                         Defendants.

Plaintiff Bobby Grier is a state prisoner who is representing himself in this 42 U.S.C. § 1983 action, which stems from an alleged incident at the Dane County Jail. Plaintiff is proceeding on Eighth Amendment excessive force and deliberate indifference claims against Dane County Sheriff's Deputies Reisinger, Schenck, Limon, Linder, and Roman (collectively, "deputy defendants"), along with Nurse Cliff Lawton, for removing him from bed, causing him extreme pain, and ignoring his complaints of pain. On June 6, 2024, the court issued an order addressing, in relevant part, Grier's motions to compel and to find requests for admission admitted. Dkt. 89. Now before the court are Grier's motions to: (1) strike the deputy defendants' tardy objections to his first set of interrogatories; (2) strike the deputy defendants' tardy objections to his second set of requests for production and order defendants to produce the documents; and (3) deem his first set of requests for admission admitted because of the deputy defendants' tardy response. Dkt. 93-95. Grier also seeks an update on Nurse Cliff Lawton's supplemental interrogatory response. Dkt. 99.

## I.  Motion to Strike Late Objections to Interrogatories, Dkt. 93

Grier asserts that the deputy defendants waived their objections to his first set of interrogatories by not timely responding to them.  Dkt. 93.  Under Rule 33, "[f]ailure to timely assert objections to discovery requests *may* result in a waiver of all objections that could have been seasonably asserted."  *Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc.*, 236 F.R.D. 396, 398 (N.D. Ill. 2006) (emphasis added).  However, it is up to the court to craft an appropriate sanction for discovery violations.

While the court cannot know for certain because the service date of Grier's first set of interrogatories is not of record, Grier has made a plausible argument that defendants were untimely in responding by a handful of days.  Per Grier's submission, he mailed his first set of interrogatories on March 14, 2024.  Dkt. 93-1, at 5.  Allowing for three days by mail, defendants should have received service by March 17, 2024, *see* Fed. R. Civ. P. 5(b)(2)(C), making their responses due April 16, 2024, *see* Fed. R. Civ. P. 33(b)(2).  But defendants did not mail their responses until April 23, 2024.  Dkt. 93-2.  There is no doubt some explanation for the disconnect, but the court need not ask for it because any delay is small enough that it should not cause any undue prejudice to plaintiff.  Suffice to say that defendants should be vigilant in tracking deadlines and meeting them moving forward.  One small delay is understandable, but here, there appears to be a pattern of defendants responding late to Grier's discovery requests.  Dkt. 89, at 2.  If there are continued questions as to defendants' timeliness, the court may order them to show cause.

Because the timeline is not clear, the court will decline to strike the deputy defendants' objections.  But Grier's purpose in bringing his motion appears less about

striking defendants' objections and more about getting pointed answers to his questions. The court has reviewed defendants' substantive responses to these interrogatories and found many are non-responsive and lacking in content.   The court thus ORDERS defendants to supplement the following interrogatories:

**Interrogatory No. 4:**  This interrogatory asks whether "According to Dane County Sheriff Deputy policy and procedure, was it Nurse Cliff Lawton's duty to alert you that the Plaintiff, Mr. Grier has had a previous back surgery?"  Defendants offered boilerplate objections and answered: "Dane County Jail deputies are trained to provide security services at the Dane County Jail, are not medically trained, and rely on the judgment of medical professionals regarding the handling and movement of inmates with medical complaints.  As further answer, medical staff use judgment and discretion to determine what inmate medical information they provide to deputies."  The first part of this answer is copied and pasted multiple times in defendants' responses, which is problematic, particularly because it is non-responsive.   The interrogatory essentially asks a yes/no question about whether Nurse Lawton had a certain duty under office policy.  Defendants must respond.

**Interrogatory No. 6:**  This interrogatory asks defendants to "List the Dane County Sheriff Deputy policy and procedure that Deputies must follow concerning the assistance of a nurse in medical emergencies."  Defendants offered the same boilerplate objections and answered: "Please explain what specific type of 'medical emergencies' you are referring to, as the level of assistance/involvement from deputies varies based on the circumstances."  This appears to concede that there are such policies, so they should be listed, regardless of

3

the "level." While the policies may ultimately be inadmissible in this proceeding, that is a question for another day. At this point, the policies are discoverable. Indeed, defendants represented that they produced *all* Dane County Jail policies. Dkt. 94-2, at 5. Thus, listing policies is not such an onerous task that it should be an undue burden on defendants.

**Interrogatory No. 9:** This interrogatory asks defendants "According to Dane County Sheriff Deputy policy and procedure, are you qualified to move an inmate who is experiencing back pain?" Defendants offered boilerplate objections and cut and pasted the same response about deputy training: "Dane County Jail deputies are trained to provide security services at the Dane County Jail, are not medically trained, and rely on the judgment of medical professionals regarding the handling and movement of inmates with medical complaints." This is non-responsive. The question does not ask about training, but whether deputies are qualified under office policy (the court understands this to mean authorized) to move an inmate who is experiencing back pain. Defendants must provide a responsive answer.

**Interrogatory No. 10:** This interrogatory asks, "According to Dane County Sheriff Deputy policy and procedure, should Nurse Cliff Lawton have used medical staff to move Mr. Grier?" Defendants offered boilerplate objections and cut and pasted the same response about deputy training: "Dane County Jail deputies are trained to provide security services at the Dane County Jail, are not medically trained, and rely on the judgment of medical professionals regarding the handling and movement of inmates with medical complaints." Again, this is non-responsive. The question does not ask about training, but

whether office policy required Nurse Lawton to use medical staff to move Grier. Defendants must provide a responsive answer.

It is not clear whether defendants verified their responses, as required under Rule 33(b)(1)(3).  To the extent this was not done, defendants must supply a verification for their original responses.  They must also verify their supplement and all discovery responses moving forward.   Defendants have until August 30, 2024, to supplement their interrogatory responses.

## II. Motion to Strike Late Objections to Requests for Production, Dkt. 94

Grier asserts that the deputy defendants waived their objections to his second set of requests for production by responding late.  Dkt. 94.  Again, while the record is not clear as to actual service date, Grier raises a plausible question as to defendants' timeliness, as Grier sent his second set of requests for production on April 10, 2024, dkt. 94-1, at 5, and defendants did not respond until June 3, dkt. 94-2.  Yet, because the timeline is not clear, and any delay very small, the court will decline to strike defendants' objections.  Moreover, defendants' objections are warranted.

First, Grier seeks many of the same documents he requested in his first set of production request—grievances, complaints, conduct reports, disciplinary reports, and disciplinary records for all deputy defendants.  Dkt. 94-2, at 1-2 (RFPs 11-13).  But the court has already declined to compel production of those documents because they were likely to be used for an improper propensity inference.  Dkt. 89, at 3; Dkt. 94-2, at 2-3.

Second, Grier seeks "employment insurance information" for all the deputy defendants.  Dkt. 94-2, at 2 (RFP 14).  While parties are normally required to produce

insurance agreements in their initial disclosures, Fed. R. Civ. P. 26(a)(1)(A)(iv), the court exempts cases like this one, where at least one of the parties is representing himself, so the court will not now require defendants to provide that information. *See* Notice Regarding the Preliminary Pretrial Conference, dkt. entry dated Nov. 22, 2023.

Third, Grier asks for information about the deputy defendants' medical certifications and training, specifically, as to moving inmates with back pain and dealing with medical emergencies, and whether they followed that training in removing him from his bunk. Dkt. 94-2, at 3-5 (RFP 15-18). However, defendants have represented that they have no medical training or certifications and that they have already produced all Dane County Jail written policies, so there is nothing to order them to produce. *Id.* at 5.

Fourth, Grier seeks a list of all of the jail's emergency medical equipment, but identifying *all* emergency medical equipment at the jail is unnecessarily burdensome when much of that information is irrelevant to this case. *Id.* at 5 (RFP 19). If Grier believes listing particular types of equipment is relevant and proportional to the needs of the case, he must draft a request that is limited to seeking this particular information.

Fifth, Grier seeks the "work agreement contract" between the deputy defendants and the Dane County Jail. *Id.* at 2-4 (RFP 20). It is not clear to the court how the defendants' employment agreements are relevant to the claims of this case. If plaintiff is seeking these agreements to establish a duty of care, that same information should be available in the jail's policies and procedures, which have already been produced. The employment agreements are likely to have other irrelevant information and sensitive

6

personal information, so the court will not order their production without a showing of how they add value to the case beyond those materials that have already been produced.

Finally, Grier asks the defendants to "explain how [they] followed [their] medical training" in removing him from the bunk. *Id.* at 5 (RFP 21). This is not a proper request for production of documents, but an interrogatory. Moreover, defendants have represented that they produced all Dane County Jail policies in place at the time of this lawsuit.

For these reasons, Grier's motion on his second set of requests for production is denied.

### III. Remaining Discovery Motions and Motions for Sanctions, Dkt. 93-95, 99

Grier asserts that the deputy defendants responded late to his April 11, 2024, requests for admission, so the court should deem them admitted. Dkt. 95. However, the court rejected that same argument in its previous order. Dkt. 89, at 7.

Next, Grier seeks an update on Lawton's supplemental interrogatory response that the court ordered Lawton to provide by June 20, 2024, as Grier asserts that he has not received it. Dkt. 89, at 6-7; Dkt. 99. However, Lawton's attorney has responded, representing that he served a supplemental interrogatory response on June 11, 2024, and that he will resend the supplemental discovery response to Grier. Dkt. 100; 100-1.

Finally, Grier moves to sanction defendants and award him reasonable fees for defendants' late discovery responses, dkt. 93-95, but because the court is mostly denying his discovery-related motions, the court will also deny his motions for sanctions and fees.

ORDER

IT IS ORDERED that:

1) Plaintiff Bobby Grier's motion to strike late objections to interrogatories, dkt. 93, is GRANTED IN PART, to the extent that the deputy defendants must supplement their responses to interrogatories nos. 4, 6, 9, and 10 by August 30, 2024; the motion is otherwise DENIED.

2) Grier's motions to strike late objections to his second set of requests for production and deem admitted late responses to his requests for admission, dkt. 94, 95, are DENIED.

3) Grier's motions for sanctions and fees, dkt. 93-95, are DENIED.

4) Grier's motion for an update on Nurse Cliff Lawton's supplemental discovery response is GRANTED, dkt. 99, to the extent that Lawton's attorney is resending the supplemental interrogatory response.

Entered this 20th day of August, 2024.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge

8