IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BOBBY ALPHONSO GRIER,

                        Plaintiff,                      ORDER

v.

                                                    22-cv-748-wmc

DEP. REISINGER, DEP. SCHENCK, DEP. LIMON,
DEP. LINDER, DEP. VEGA ROMAN, and NURSE
CLIFF,

                        Defendants.

Defendant Cliff Lawton has filed a "Notice of Suggestion of Bankruptcy" for Wellpath, LLC (dkt. #157) and the January 14, 2025, "Stipulated and Agreed Amended Order Enforcing the Automatic Stay on a Final Basis" issued by the Bankruptcy Court for the Southern District of Texas. (Dkt. #157-1.) The court previously declined to stay this case, at least until "clarification is provided by the Bankruptcy Court or the Seventh Circuit as to the reach of the stay to ongoing actions naming Wellpath employees as defendants." (Dkt. #155.)

The Bankruptcy Court has now clarified as follows,

> Any claims or causes of action that have been or may be asserted against any . . . current or former employees of the Debtor to the extent the Debtors are *not* named defendants in the underlying lawsuit, *are stayed* pursuant to section 362, and to the extent applicable section 105, of the Bankruptcy Code on an interim basis to and including February 18, 2025, to provide the Debtors the opportunity, as requested by the Statutory Unsecured Claimholders' Committee (the "Committee"), to confirm and substantiate the scope and extent of Debtors' indemnification obligations owed to these parties as well as any relevant insurance considerations.

(Dkt. #157-1, at 3-4 (emphasis added).) The January 14 order also stays through February 18, 2025, "Any claims or causes of action that have been or may be asserted against any

of the Debtors' current clients or customers or their current or former employees," and "Any claims or causes of action that have been or may be asserted against any of the Debtors' former clients or customers." (*Id.* at 4.)

Here, Lawton argues that the entire case should be stayed because he is either: (1) a former or current employee of Wellpath; or (2) a current or former employee of a client or customer of Wellpath. (Dkt. #157, at 4.) Lawton has also previously represented that plaintiff Bobby Grier's claims against him arise out of his actions as a Wellpath employee. (Dkt. #146, at 3.) Accordingly, the Bankruptcy Court's January 14 order imposes a stay of the claims against *Lawton* through February 18, 2025.

Less clear is whether the Bankruptcy Court's January 14 order applies to the Dane County Sheriff's Deputies named as defendants in this case, especially since those defendants have not argued that it does. Nevertheless, two provisions in the Bankruptcy Court's January 14 order may apply here. *First*, the court updated the definition of "lawsuits" to include:

> any lawsuit against the Debtors and any lawsuit against a Non-Debtor Defendant, *regardless if a Debtor is a named party in the lawsuit*, that may have a direct impact, whether monetary or otherwise, on the Debtors' estates, including without limitation lawsuits that assert claims where an insurance policy under which the Debtor is a beneficiary may be responsible for the satisfaction of the underlying claim(s).

(Dkt. #157-1, at 1 n.3 (emphasis added).)

This case would appear to fall within the updated definition of "lawsuits" given Lawton's representation that Wellpath (and presumably its insurer) would have to defend and indemnify him in this case. (Dkt. #146, at 3.) However, the Bankruptcy Court's order does not appear to stay such lawsuits; rather, the order appears to stay "claims" or

2

"causes of action." *Second*, the Deputy defendants may be deemed employees of one of Wellpath's current clients (the Dane County Sheriff's Office), such that the January 14 order would apply directly to them, though the Deputy defendants have not made such a representation. Moreover, even if the claims against the Deputy defendants are not squarely covered by the Bankruptcy Court's January 14 order, severing the claims against the Deputy defendants would be inappropriate given that plaintiff's claims against them largely arise from the same set of facts as his claims against Lawton since the Deputies allegedly removed him from bed at Lawton's direction.

Finally, plaintiff filed an opposition brief to Lawton's earlier, December 18, 2024, "Notice of Suggestion of Bankruptcy and Notice of Stay," arguing that the court should not stay the case because: (1) Lawton has sufficient liquid assets to cover his claim; (2) Lawton misrepresented that the case was only against him in his individual capacity; and (3) the Bankruptcy Court's order should not apply to any judgment entered after the date of its order. Unfortunately for plaintiff, none of these reasons support denying the stay. Moreover, to the extent that plaintiff asserts that he seeks damages from the defendants in their official capacities (dkt. #46, at 5), such a claim is not permitted. *Knowlton v. City of Wauwatosa*, 119 F.4th 507, 519 (7th Cir. 2024) ("In an individual capacity suit [for constitutional violations under 42 U.S.C. § 1983], a plaintiff may only seek monetary damages; in an official capacity suit, a plaintiff may only seek injunctive or declaratory relief."). For all these reasons, the court will stay the entire case through February 18, 2025.

ORDER

IT IS ORDERED that:

1) The current schedule in this case is STAYED until further notice.

2) Unless the stay is lifted by the court sooner, a status conference with the parties will be held by telephone on February 19, 2025, at 11:30 a.m. to address whether this stay should continue.

3) In the interim, counsel for the Wellpath employee defendants SHALL promptly notify the court of any relevant updates in the bankruptcy case, including clarification of Wellpath's indemnification obligations.

4) Plaintiff Bobby Grier's "Motion Contesting Defendant Nurse Cliff Lawton's Bankruptcy Claim" (dkt. #156) is DENIED.

Entered this 29th day of January, 2025.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge