IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BOBBY ALPHONSO GRIER,

        Plaintiff,

v.                                                                                                ORDER

DEP. REISINGER, DEP. SCHENCK,                                    22-cv-748-wmc
DEP. LIMON, DEP. LINDER,
DEP. VEGA ROMAN, and NURSE CLIFF,

        Defendants.

---

*Pro se* plaintiff Bobby Grier contends that Dane County Jail Deputies forcibly and painfully removed him from his bunk on January 21, 2023, while he was an inmate at the Dane County Jail. (Dkt. #12.) Relevant here, Grier makes a claim for damages against Defendant Cliff Lawton who was working as a nurse at the jail at the time of the incident. (Dkt. #157.)

As the parties finished briefing defendants' motions for summary judgment in late 2024, Lawton notified the court that his employer, Wellpath Holdings, Inc. ("Wellpath"), had entered bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Texas. (Dkt. #146 and Dkt. #157.) This court granted Lawton's request to stay this case through April 30, 2025, pending the resolution of the bankruptcy proceedings. (Dkt. #158 and Dkt. #161.)

The bankruptcy court finalized Wellpath's Chapter 11 Reorganization Plan on May 1, 2025. (Dkt. #166-1.) Lawton stated that under the Plan, Wellpath's

"directors, officers, and current and former employees who are named as defendants were released from liability for claims that arose prior to the bankruptcy (i.e., before November 11, 2024)," including Grier's claim. (Dkt. #166, at 2-3.) Lawton further stated that all plaintiffs, including Grier, were deemed to have released their claims against employee defendants like Lawton, unless they opted out of the release in the Plan. (*Id*. at 3.) Incarcerated individuals were given until July 30, 2025, to opt out of the release in the Plan. (*Id*.) As such, this court continued the stay in this case until August 8, 2025. (Dkt. #171.)

After the stay was lifted, Lawton notified the court that Grier had opted out of the release before the deadline and that the court should proceed to decide Lawton's motion for summary judgment. (Dkt. #177.) Grier responded, saying that he did not opt out of the release, and requested that the court resolve all bankruptcy-related disputes before proceeding to decide summary judgment.[1] (Dkt. #179.)

Given this apparent disagreement about the status of Grier's claim against Lawton, the court needs more information before it can proceed. The parties must provide such information by the deadline set forth below.

---

[1] Grier indicated in his letter requesting clarification on the bankruptcy proceedings that he intended to remain apart of the bankruptcy proceedings. (Dkt. #179.) Unfortunately, as the court stated in its May 30, 2025, Order (dkt. #169), this court could not and cannot provide any legal advice to plaintiff regarding his options in the bankruptcy proceedings, including the July 30 opt-out deadline, and the court could not communicate on his behalf to the United States Bankruptcy Court for the Southern District of Texas.

ORDER

IT IS ORDERED that plaintiff Grier and defendant Lawton must clarify, with supporting documentation, by **October 23, 2025**: (1) whether Grier opted out of the third-party release in Wellpath's bankruptcy plan, such that his claim against defendant Lawton may proceed in this court; and (2) how, if Grier did not opt out of the third-party release under the Wellpath bankruptcy plan, the release under the plan affects Grier's claims in this case against Lawton in his individual capacity. After the court reviews the parties' responses to this order, it will determine how to proceed with the pending motions for summary judgment.

Entered this 2nd day of October, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge