IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BOBBY ALPHONSO GRIER,

    Plaintiff,

v.                                                                                        ORDER

DEP. REISINGER, DEP. SCHENCK,                                  22-cv-748-wmc
DEP. LIMON, DEP. LINDER,
DEP. VEGA ROMAN, and NURSE CLIFF,

    Defendants.

---

*Pro se* plaintiff Bobby Grier asserts that Dane County Jail Deputies and nurse Cliff Lawton used excessive force against him, violating the Eighth Amendment. (Dkt. #12.) After the parties finished briefing defendants' motions for summary judgment, this case was stayed while Lawton's employer, Wellpath Holdings, Inc., resolved its bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Texas. (Dkt. #146 and Dkt. #157.) Lawton told the court that Wellpath's Chapter 11 Reorganization Plan released current and former Wellpath employees from liability for any claim filed against them before November 11, 2024, unless the claimant contacted the bankruptcy court to opt out of the Plan. (Dkt. #166, at 2-3.)

So, for a plaintiff to continue with his claim against a Wellpath employee after bankruptcy, he must have contacted the bankruptcy court and communicated that he wished to continue his case, Lawton says. This means that, for Grier to maintain his case against Lawton now, he must have opted out of the Plan by contacting the

bankruptcy court and communicating that he wished to continue with his case.[1] If Grier did not tell the bankruptcy court before July 30, 2025, that he wanted to maintain his claim against Lawton, Grier can no longer proceed with the claim, because the Plan released Lawton from liability for the claim, Lawton says. (*See id*.)

After the court previously requested clarification (dkt. #180), Lawton asserted, without any supporting documentation, that Grier opted out of the Plan. (Dkt. #181.) This would mean that the court now can proceed to decide Lawton's motion for summary judgment.[2]

Grier, on the other hand, declares that he *did not* contact the bankruptcy court to opt out of the Plan. (Dkt. #184 and Dkt. #185.) According to Lawton's interpretation of the Plan presented to the court, this would mean that Grier released Lawton from liability for his Eighth Amendment claim, and that Grier now cannot proceed against Lawton in this case.

As before, the court needs more information before it can proceed. The parties must provide such information as the court orders by the deadline set below. The court wishes to make itself very clear: if Lawton contends that Grier opted out of the plan, Lawton *must provide supporting documentation* to this court to substantiate this

---

[1] Although Grier indicated to this court that he wanted to maintain his claim (Dkt. # 179), this court could not provide any legal advice to plaintiff about his options in the bankruptcy proceeding and could not contact the bankruptcy court on his behalf. (Dkt. #169.)

[2] The court also acknowledges the Deputy defendants' submission (dkt. # 183) that the opt-out dispute does not affect whether the court may proceed on their motion for summary judgment, and will consider that submission as a response to this order as well.

contention, especially because Grier attests in a sworn declaration that he did not opt out of the Plan. And, if Grier did not opt out, as he attests, Lawton must provide a detailed explanation of how the release under the Plan affects Grier's claims against him in his individual capacity.

ORDER

IT IS ORDERED that defendant Lawton must clarify, **with supporting documentation**, by **November 17, 2025**: (1) whether Grier opted out of the third-party release in Wellpath's bankruptcy plan, such that his claim against defendant Lawton may proceed in this court; and (2) how, if Grier did not opt out, the release under the Plan affects Grier's claims in this case against Lawton in his individual capacity. The court further ORDERS that Grier may respond to Lawton's submissions, if he wishes, by **November 28, 2025**. After the court reviews the parties' responses to this order, it will determine how to proceed with the pending motions for summary judgment.

Entered this 3rd day of November, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge